IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRIANGLE MONTGOMERY  \*
ASSOCIATES, LLC, *et al.*,
\*
   Plaintiffs,

v.  \*     CIVIL NO. JKB-24-2454

BEAZER HOMES, LLC,  \*

   Defendant.  \*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM AND ORDER

Plaintiffs Triangle Montgomery Associates, LLC and Triangle Old Annapolis Associates, LLC (together, "Triangle") filed suit against Beazer Homes, LLC ("Beazer") for breach of contract relating to an additional payment purportedly due under a contract. (ECF No. 2.) Defendant filed a counterclaim for a declaratory judgment that it does not owe any additional payment. (ECF No. 7.) Now pending before the Court are the parties' Cross-Motions for Summary Judgment. (ECF Nos. 26, 27.) For the reasons that follow, Defendant's Motion will be granted, and Plaintiffs' Motion will be denied. Defendant will be directed to file an application for attorneys' fees and costs.

### I.    *Factual Background*

The parties generally agree about the facts of this case, but disagree about the interpretation of a certain contract provision.

Defendant is a home builder and constructs residential communities. (ECF No. 26-2 at 6; ECF No. 27-1 at 11.) Plaintiffs are real estate developers. (ECF No. 26-2 at 6; ECF No. 27-1 at 11.) On January 11, 2018, Defendant and Plaintiffs executed an Agreement for Purchase and Sale

(the "Agreement") regarding certain property in Ellicott City, Maryland (the "Property") on which Defendant planned to build various homes. (ECF No. 26-3 at 23–42.) Defendant was the purchaser and Plaintiffs were the sellers. (*Id.*) The parties agreed to a purchase price of $9,410,000.00 for the Property, and the Agreement also contained a provision providing for an "Additional Purchase Price." (*Id.* at 23–24.) The Additional Purchase Price Provision provides that:

> In addition, Purchaser shall pay to Seller additional consideration (the "Additional Purchase Price") equal to twenty-five percent (25%) of the amount of Home Sales Proceeds in excess of Forty-One Million Eight Hundred Ten Thousand Dollars ($41,810,000.00) for the 74 market-rate units only and not the low-income units ("LIHUs"). For purposes hereof, "Home Sales Proceeds" shall mean the net sales price of homes constructed by Purchaser on the Property and sold to third parties, as shown on Line 603 of the HUD-1 settlement sheets or the same information from other forms of settlement statements for such sales (the "Settlement Statement"); provided, however, that for the purpose of computing the Additional Purchase Price payable hereunder, the gross sales price of any home sold may not be reduced by more than Ten Thousand Dollars ($10,000) in arriving at the net sales price reflecting on the Settlement Statement .... Within ten (10) days after the closing of each home sale, Purchaser shall provide Seller with a copy of the Settlement Statement for such sale and, if applicable, the computation of the net sales price factoring in the foregoing $10,000 cap on reductions to the gross sales price. The Additional Price shall be calculated and paid within thirty (30) days after the sale of the last home on the Property.

(*Id.* at 24.) It then goes on to provide:

> Notwithstanding the foregoing, in the event Purchaser has not sold homes on all of the Lots within four (4) years after the Closing hereunder ("Outside Date"), then the Home Sales Proceeds shall be calculated by adding (i) the Home Sales Proceeds received as of the Outside Date, plus (ii), the product obtained by multiplying the number of unsold Lots by the average of the Home Sales Proceeds for last ten (10) Lots sold by Purchaser immediately before the Outside Date, which product will be deemed the Home Sales Proceeds for all remaining unsold Lots.

(*Id.*)

The Agreement closed on April 5, 2018. (ECF No. 26-2 at 7; ECF No. 27-1 at 11.) Thus, the "Outside Date" as referenced in the Agreement was April 5, 2022 (four years after April 5, 2018). (ECF No. 26-2 at 7; ECF No. 27-1 at 12.)

In July 2018, the County Council of Howard County, Maryland (where the Property was located) passed a bill prohibiting the issuance of permits and approvals for development, due to multiple flooding events that had occurred in the County. (ECF No. 26-2 at 8; ECF No. 27-1 at 12.) This delayed Defendant from proceeding with its building project on the Property. (ECF No. 26-2 at 8; ECF No. 27-1 at 12.)

Defendant was eventually able to proceed with development of the Property, after the moratorium expired. (ECF No. 26-2 at 8.) Defendant closed on its first home sale on May 25, 2022, and closed on the last home sale on September 19, 2023. (ECF No. 26-2 at 8; ECF No. 27-1 at 13.)

Plaintiffs filed the instant suit, seeking an Additional Purchase Price pursuant to the Agreement. Defendant filed a counterclaim seeking declaratory judgment that it does not owe any additional funds pursuant to the Agreement.

## II.   *Legal Standard*

Federal Rule of Civil Procedure 56 provides that a party can move for summary judgment on a "claim or defense—or the part of [any] claim or defense," provided it shows "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If a party carries this burden, then the Court will award summary judgment, unless the opposing party can identify specific facts, beyond the allegations or denials in the pleadings, that show a genuine issue for

trial. Fed. R. Civ. P. 56(e). If sufficient evidence exists for a reasonable factfinder to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment will be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. *Analysis*

The crux of the dispute is the Additional Purchase Price Provision in the Agreement. Defendant argues that it owes Plaintiffs nothing under that provision, while Plaintiffs argue that Defendant owes them $864,305.75. The Court therefore looks to the Agreement itself. Under Maryland law:[1]

> [W]hen the language of the contract is plain and unambiguous there is no room for construction, and a court must presume that the parties meant what they expressed. In these circumstances, the true test of what is meant is not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it meant. Consequently, the clear and unambiguous language of an agreement will not give away to what the parties thought that the agreement meant or intended it to mean.

*Gen. Motors Acceptance Corp. v. Daniels*, 492 A.2d 1306, 1310 (Md. 1985).

### A. The Agreement is Plain and Unambiguous, and the Second Method of Calculating the Additional Purchase Price Applies

As noted above, the Additional Purchase Price Provision provides as follows:

Purchaser shall pay to Seller additional consideration ("Additional Purchase Price") equal to twenty-five percent (25%) of the amount of Home Sales Proceeds in excess of Forty-One Million Eight Hundred Ten Thousand Dollars ($41,810,000.00) for the 74 market-rate units only and not the low-income units ("LIHUs").

(ECF No. 26-3 at 24.) It then goes on to provide two ways of calculating the "Home Sales Proceeds." (*Id.*) The first method provides that "Home Sales Proceeds" means the "net sales price of homes constructed by the Purchaser on the Property and sold to third parties." (*Id.*) The second

---

[1] The Agreement provides that its terms are governed by Maryland law, and no party contests the enforcement of this choice-of-law clause. (ECF No. 26-3 at 37.)

4

method provides that "[n]otwithstanding the foregoing, in the event Purchaser has not sold homes on all of the Lots within four (4) years after the Closing hereunder ('Outside Date')," there is an alternative way to calculate the "Home Sales Proceeds." (*Id.*) Under this second method, "the Home Sales Proceeds shall be calculated by adding (i) the Home Sales Proceeds received as of the Outside Date, plus (ii), the product obtained by multiplying the number of unsold Lots by the average of the Home Sales Proceeds for last ten (10) Lots sold by Purchaser immediately before the Outside Date, which product will be deemed the Home Sales Proceeds for all remaining unsold Lots." (*Id.*) Thus, in short, the Agreement provides that the Additional Purchase Price will be 25% of the "Home Sales Proceeds" in excess of $41,810,000.00, and there are two methods of calculating the Home Sales Proceeds. The second of the two methods applies "in the event Purchaser has not sold homes on all of the Lots within four (4) years after the Closing hereunder ('Outside Date')."

It is undisputed that Defendant sold *no properties*[2] by the Outside Date of April 5, 2022. Indeed, the parties do not dispute that the first sale of a property occurred on May 25, 2022. Thus, the second method of calculating the Additional Purchase Price applies. And, that second method yields an Additional Purchase Price of zero dollars. As Defendant explains:

> A straightforward application of the formula results in the following calculation of Home Sale Proceeds:
>
> Home Sale Proceeds received as of Outside Date ($0) + [number of unsold Lots (74) x the average of the Home Sale Proceeds for last ten (10) Lots sold by Purchaser immediate before the Outside Date ($0)] = $0 + [74 x $0] = $0 + $0 = $0

---

[2] Defendant explains that not only did it not sell "homes on all of the Lots within" the four-year period, it did not sell *any* homes within the four-year period. Defendant is clearly correct, based upon the undisputed facts. Plaintiffs make an odd argument that "any" and "all" cannot be exchanged. Of course they cannot. But Defendant was only making the point that, not only did it not sell homes on *all* of the lots, it did not sell *any* homes on *any* lots.

5

(ECF No. 26-2 at 12.) Defendant is correct in its application of the formula, and Plaintiffs make no contrary argument with respect to the actual mathematics. Rather, as discussed in more detail below, Plaintiffs—resisting the plain and unambiguous terms of the Agreement—argue that this second method of calculating the Additional Purchase Price was not triggered. As discussed in more detail below, Plaintiffs are incorrect. The second method applies, and yields a total of zero. Defendant owes no Additional Purchase Price.

### B. Plaintiffs' Arguments are Unavailing

Plaintiffs urge a different interpretation, despite the clear and unambiguous text of the Agreement. Plaintiffs argue that that the first method applies, and that this yields an Additional Purchase Price of $864,305.75.

Plaintiffs offer a series of convoluted arguments in support of their theory. For instance, Plaintiffs argue that the "Defendant argues that [the Additional Purchase Price Provision] creates two conditions precedent to its performance under the Contract" and that Defendant is incorrect because that provision creates no conditions precedent. (ECF No. 27-1 at 18.) While the Court agrees that the Purchase Price Provision does not contain any conditions precedent, this argument by Plaintiffs misapprehends Defendant's argument. Defendant does not argue that the Additional Purchase Price Provision only kicks in if some condition precedent is met. Defendant simply argues (and the Court agrees) that: (1) there are two methods of calculating the Additional Purchase Price; (2) the second method was triggered because Defendant had not sold homes on all lots by the Outside Date (and indeed Defendant had sold no homes); and (3) applying that second method, zero dollars are owed. In other words, the Defendant is not arguing that the Additional Purchase Price Provision is inapplicable; it is simply arguing that, based upon the formulas provided in that provision, no Additional Purchase Price is owed.

6

In essence, Plaintiffs take issue with the fact that the second method results in an Additional Purchase Price of zero. They explain that, because "Home Sale Proceeds will always equal zero in the absence of any home sales," Defendants' interpretation "turns the [second method] of determining Home Sale Proceeds into a condition precedent to the Defendant's payment of the Additional Purchase Price, which was never intended by the parties." (ECF No. 35 at 3.) Of course, "the clear and unambiguous language of an agreement will not give way to what the parties thought the agreement meant or was intended to mean." *Auction & Est. Representatives, Inc. v. Ashton*, 731 A.2d 441, 444 (Md. 1999). Again, the provision does not create a condition precedent. It simply provides for two methods of calculating the Additional Purchase Price: one if the Defendant had sold properties on all lots before the Outside Date, and one if Defendant had not sold homes on all lots by the Outside Date. Here, it is undisputed that the Defendant did not sell homes on all lots by the Outside Date. And, unfortunately for Plaintiffs, the second method of calculating the Additional Purchase Price where no properties are sold by the Outside Date yields an Additional Purchase Price of zero.

Plaintiffs also argue that the second method of calculating the Additional Purchase Price was not triggered here. Plaintiffs essentially argue that, because all 74 homes were sold, the second method does not apply. In so doing, Plaintiffs simply ignore the reference to the Outside Date, and to the "notwithstanding the foregoing" language that precedes the introduction of the second method of calculating the Additional Purchase Price. "In interpreting a 'notwithstanding' clause, the Supreme Court of the United States reasoned that 'the use of . . . a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section.'" *Ringgold v. Napolitano*, Civ. No. CCB-13-210, 2013

7

WL 4852246, at *3 (D. Md. Sept. 10, 2013) (quoting *Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993)).[3]

Plaintiffs are surely disappointed that they are not receiving an Additional Purchase Price, and it is likely that the parties did not anticipate the moratorium imposed by Howard County that prevented Defendant from building and selling any properties within the Outside Date. However, this does not permit Plaintiffs to rewrite the plain terms of the Agreement. Plaintiffs reading would essentially require the Court to delete a portion of the Additional Purchase Price Provision. This, of course, the Court may not do. *See Calomiris v. Woods*, 727 A.2d 358, 368 (Md. 1999) ("It is a fundamental principle of contract law that it is improper for the court to rewrite the terms of a contract, or draw a new contract for the parties, when the terms thereof are clear and unambiguous, simply to avoid hardships." (citation and internal quotation marks omitted)).

### C. Plaintiffs Owe Defendant Reasonable Attorneys' Fees and Costs

Paragraph 15 of the Agreement provides that "[i]n the event of any action to enforce the terms of this Agreement, the prevailing party shall be entitled to costs and attorneys' fees from the other party." (ECF No. 26-3 at 37.) Defendant is therefore entitled to recover reasonable attorneys' fees and costs. The Court will direct Defendant to file a fee application.

### IV. *Conclusion*

For the foregoing reasons, it is ORDERED that:

1. Defendant's Motion for Summary Judgment (ECF No. 26) is GRANTED.

2. Plaintiffs' Motion for Summary Judgment (ECF No. 27) is DENIED.

---

[3] Plaintiffs make other, equally unavailing arguments. For example, Plaintiffs argue that "[i]t is also important to note that [the Additional Purchase Price Provision] unconditionally obligates the Defendant to provide Settlement Statements to the Plaintiffs within 10 days of each home sale." (ECF No. 35 at 5.) Plaintiffs then ask "[w]hy obligate the Defendant to provide Settlement Statements for each home sale regardless of when the sale occurs if the Defendant isn't obligated to pay the Additional Purchase Price unless it sells a certain number of homes before the Outside Date?" (*Id.*) This, once again, ignores the "notwithstanding" language, which comes *after* the requirement to provide settlement statements. As noted above, this notwithstanding language overrides that which comes before it.

3. Judgment is ENTERED in favor of Defendant. Plaintiffs' Complaint is dismissed, and no Additional Purchase Price is due and owing from Defendant to Plaintiffs.

4. Defendant SHALL FILE any application for attorneys' fees and costs by June 13, 2025.

DATED this 19 day of May, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge