## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRIANGLE MONTGOMERY ASSOCIATES, LLC, *et al.*,** | * | |
| | * | |
| **Plaintiffs,** | | |
| **v.** | * | **CIVIL NO. JKB-24-2454** |
| **BEAZER HOMES, LLC,** | * | |
| **Defendant.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM

Plaintiffs Triangle Montgomery Associates, LLC and Triangle Old Annapolis Associates, LLC filed suit against Beazer Homes, LLC for breach of contract relating to an additional payment purportedly due under an Agreement for Purchase and Sale (the "Agreement"). (ECF No. 2.) Defendant filed a counterclaim for a declaratory judgment that it does not owe any additional payment. (ECF No. 7.) The Court previously ruled on the parties' Cross-Motions for Summary Judgment, granting Defendant's Motion and denying Plaintiffs' Motion. (ECF No. 36.) The Court concluded that Defendant was entitled to recover reasonable attorneys' fees and costs. (*Id.*)

Now pending before the Court is Defendant's Motion for Attorneys Fees and Costs. (ECF No. 37.) The Motion was filed on June 12, 2025, and Plaintiffs have failed to file an opposition. The Motion is therefore ripe for resolution. The Motion will be largely granted, and Defendant will be awarded a total of $78,673.38 in attorneys' fees and costs.

### I.    *Factual and Procedural Background*

The factual background of this case is laid out fully in the Court's prior Memorandum and Order. (*See* ECF No. 36.) Briefly, this case revolves around a disagreement about the

interpretation of a certain contract provision in the Agreement. (*Id.* at 1–3.) The Agreement, which related to the sale of certain property, included an "Additional Purchase Price Provision." (*Id.*) Plaintiffs contended that Defendant owed them $864,305.75 under that provision, and Defendant argued that it owed nothing. (*Id.* at 4.)

Plaintiffs filed suit in the Circuit Court for Howard County, and Defendant removed the case to this Court. (*See* ECF Nos. 1–2.) Defendant filed an Answer and a Counterclaim. (ECF No. 7.) Plaintiffs filed an Answer to the Counterclaim. (ECF No. 14.) The Court set a schedule for discovery and dispositive motions. (ECF No. 18.) The parties participated in a settlement conference. This settlement conference did not result in a resolution of this case, and the parties filed Cross-Motions for Summary Judgment. (ECF Nos. 26, 27.)

The Court concluded that Defendant owed no additional money under the Agreement. (ECF No. 36 at 6.) Further, Paragraph 15 of the Agreement provides that "[i]n the event of any action to enforce the terms of this Agreement, the prevailing party shall be entitled to costs and attorneys' fees from the other party." (*Id.* at 8 (quoting ECF No. 26-3 at 37).) The Court concluded that Defendant was entitled to recover reasonable attorneys' fees and costs, and directed Defendant to file an appropriate motion. (*Id.*) Defendant did so, seeking $80,146.68 in fees and costs. (ECF No. 37.) Plaintiffs failed to file an opposition. *See* Local Rule 109.2(a) (requiring any opposition to a motion for attorneys' fees to be filed within fourteen days).

## II.    Legal Standard

Where attorneys' fees are provided by contract, the court is required to "examine the prevailing party's fee request for reasonableness." *Myers v. Kayhoe*, 892 A.2d 520, 532 (Md. 2006). Under Maryland law, "[c]ourts should use the factors set forth in Rule 1.5 [of the Maryland Lawyers' Rules of Professional Conduct] as the foundation for analysis of what constitutes a

2

reasonable fee when the court awards fees based on a contract entered by the parties authorizing

an award of fees." *Monmouth Meadows Homeowners Ass'n., Inc. v. Hamilton*, 7 A.3d 1, 8 (Md.

2010). Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the attorney or attorneys performing the services; and (8) whether the fee is fixed or contingent.

*Dominion Fin. Servs., LLC v. Pavlovsky*, 673 F. Supp. 3d 727, 754 (D. Md. 2023) (quoting Md.

R. Att'y 19-301.5(a)). Courts are not required to explicitly analyze each factor separately.

*Monmouth Meadows*, 7 A.3d 1, 8 n.11 (Md. 2010). Thus, the Court analyzes those factors relevant

to this case below.

### III. Analysis

The Court has considered the above-listed factors and concludes an award of $78,673.38

is reasonable.

With respect to the time and labor required, the novelty and difficulty of the questions

involved, and the skill requisite to perform the legal service properly, as Defendant concedes, the

legal issues were not particularly complex. This was a relatively straightforward contract dispute,

and the Court had no difficulty finding in favor of the Defendant. However, Defendants were

required to defend against this action, to engage in discovery, to attend mediation, and to litigate

cross-motions for summary judgment. Thus, while the case was not novel or difficult, it was—as

evidenced by the billing records submitting by the Defendants, which the Court has carefully

reviewed—time and labor intensive. Further, Defendant explains that counsel reduced their fees

3

by 10 percent for March through June 2025, further weighing in favor of a finding of reasonableness.

With respect to the fee customarily charged within the locality, the Court also finds that counsel's billing rates are reasonable. Two partners, two associates, and a litigation support specialist billed to this case. The hourly rates were as follows: $375 for the partners, $255 for the associates, and $200 for the litigation support specialist. (ECF No. 37-1 at 6.) With respect to this factor, "this Court regularly relies on the Guidelines attached to the Court's Local Rules to determine whether the attorneys' fees charged constitute a reasonable rate within the locality." *nTech Sols., Inc. v. Meta Dimensions, Inc.*, Civ. No. 21-00673-JMC, 2023 WL 6794344, at *4 (D. Md. Oct. 13, 2023). The hourly rates are reasonable as compared to the Guidelines. The rates for the partners fall squarely within the range provided in the Guidelines, and the rates for the associates and litigation support specialist, while slightly high, are also reasonable, particularly given the low number of hours they billed to this case.

With respect to the amount involved and results obtained, the requested fee amount is reasonable. Plaintiffs sought $864,305.75 from Defendant, and the Court denied Plaintiffs' Motion for Summary Judgment in its entirety. This likewise indicates that the requested fee amount is reasonable. *See nTech Sols.*, 2023 WL 6794344, at *5 (finding that a fee award that represented "roughly twenty-one percent of the amount involved and ultimately recovered" was reasonable and reflected "a ratio less than what this Court has previously determined is a permissible amount of attorneys' fees under Md. Rule 19-301.5(a)").

With respect to the experience, reputation, and ability of the attorneys performing the services, the Court also finds that the requested fee award is reasonable. The attorneys are qualified and experienced, and are particularly experienced in representing this particular Defendant. (*See*

4

ECF No. 37-2 at 1–3.) Further, Defendant's counsel demonstrated their ability throughout this litigation, as evidence by their thorough and well-supported briefing, particularly with respect to the cross-motions for summary judgment and the instant motion.

Given the above, and the fact that Plaintiffs' lack of opposition to any portion of the fee request, the Court concludes that the requested fees and costs are reasonable, with a minor adjustment. Defendant seeks a total of $80,146.68. However, the billing statements attached to the motion reflect that the total amount billed via monthly invoices was $78,673.38. (ECF No. 37-2 at 6–27.) Thus, the fee and cost award will be slightly reduced to reflect that discrepancy.

### IV.    Conclusion

For the foregoing reasons, the Court will largely grant Defendant's Motion for Attorneys' Fees and Costs and will award Defendant $78,673.38.

DATED this _10_ day of July, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

5